Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AVAIL 1 LLC,

         Plaintiff,

   -against-            VERIFIED COMPLAINT

HYACINTH E. MINOTT and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

         Defendant(s).
------------------------------------------------------------------------X

Plaintiff, Avail 1 LLC ("Avail" or "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants Hyacinth E. Minott and New York City Environmental Control Board (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 451 Hancock Street, Brooklyn, New York 11233 known on the Kings County Tax Map as BLOCK: 1654 LOT: 76 in the County of Kings, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Avail is a limited liability company organized under Delaware law with its principal place of business located at 210 Ponce De Leon Boulevard, Suite 720, Coral Gables, Florida 33134.

3. Avail is a single-member limited liability company.

4. Avail's single-member is an individual who is a citizen of the United States and who is domiciled in the State of Florida.

5. Hyacinth E. Minott, upon information and belief, is a resident and citizen of the State of New York, having an address at 451 Hancock Street, Brooklyn, New York 11233 or 5507 Kings Highway, Brooklyn, NY 11233. Hyacinth E. Minott is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Mortgage (as such terms are defined below) and (iii) is the Mortgagor under the Mortgage

6. New York City Environmental Control Board is a division of the City of New York and a citizen of the State of New York, having an address at 1250 Broadway, 7th Floor, New York, NY 10001 c/o Corporation Counsel. It is a Defendant by way of having filed liens and/or judgments against the Subject Property and/or the owner of the Subject Property. Said liens are subordinate to the lien of the Mortgage being foreclosed. Annexed hereto as Exhibit "F" is a schedule of said liens/judgments.

7. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

9. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

10. This action is brought to foreclose a mortgage made by Herbert Minott (now deceased), and Hyacinth E. Minott set out as follows: Mortgage dated January 22, 2008 made by Herbert Minott and Hyacinth E. Minott to JPMorgan Chase Bank, N.A. to secure the sum of $350,000.00 and interest, recorded in CRFN: 2008000359831 in the Office of the County Clerk for the County of Kings on September 10, 2008. Said lien covers premises known as 451 Hancock Street, Brooklyn, New York 11233. A copy of the Mortgage is annexed as Exhibit "B".

11. On January 22, 2008, Herbert Minott (now deceased) executed and delivered a Note to JPMorgan Chase Bank, N.A. in the amount of $350,000.00. A copy of the Note with Allonge is annexed as Exhibit "C".

12. On April 30, 2013, the Mortgage was assigned by written Assignment to U.S. Bank National Association, not in its individual capacity, but solely as legal title trustee for LVS Title Trust I. This Assignment was recorded on July 15, 2013 in the Office of the County Clerk for the County of Kings in CRFN: 2013000278035. The Note was transferred by the lender affixing a proper Allonge.

13. On September 18, 2015, the Mortgage was assigned by written Assignment to UMB Bank, National Association, not in its individual capacity, but solely as legal title trustee for Mart Legal Title Trust 2015-NPL1. This Assignment was recorded on September 30, 2015 in the Office of the County Clerk for the County of Kings in CRFN: 2015000348281.

14. On April 25, 2017, the Mortgage was assigned by written Assignment to Avail 1 LLC. This Assignment was recorded on May 5, 2017 in the Office of the County Clerk for the County of Kings in CRFN: 2017000173171. Copies of the aforementioned Assignments are annexed hereto as Exhibit "D", respectively.

15. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

16. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

17. Herbert Minott and Hyacinth E. Minott have failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on the first (1st) day of December, 2009 and the default continues to date.

18. Plaintiff has complied with the contractual provisions in the loan documents in that Default Notices to cure were issued on April 20, 2017 to Hyacinth E. Minott and the Estate of Herbert Minott (the "Default Notices") advising of possible acceleration of the loan and that by virtue of their continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was issued on April 20, 2017 to Hyacinth E. Minott and the Estate of Herbert Minott. Plaintiff has complied with the registration requirements

of RPAPL 1306(1). Copies of the Default Notices and 90-day notices with proof of mailing and registration are annexed hereto as Exhibit "E".

19. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

20. As of the date herein, the Estate of Herbert Minott, and Hyacinth E. Minott have failed to respond to the Default Notices.

21. Due to the above-described default, the amount owed to Plaintiff pursuant to the terms of the Note and Mortgage:

  a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of August 24, 2017 amounts to $701,273.49:

  b. Attorney's fees and other costs and disbursements, payable to Avail 1 LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

  c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

22. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

  a. Any state of facts that an inspection of the premises would disclose.

  b. Any state of facts that an accurate survey of the premises would show.

  c. Covenants, restrictions, easements and public utility agreements of record, if any.

  d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e.  Any right of tenants or person in possession of the subject premises.

    f.  Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g.  Prior lien(s) of record, if any.

23. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

24. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

25. No other action is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount

due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: September 11, 2017
      Syosset, New York

                                    Yours, etc.
                                    The Margolin & Weinreb
                                    Law Group, LLP
                                    Attorneys for Plaintiff

                                    By: /s/ Alan H. Weinreb
                                    Alan H. Weinreb, Esq.

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: September 11, 2017
       Syosset, New York

                                      /s/ Alan H. Weinreb
                              **ALAN H. WEINREB**